CHRISTOPHER JOHNSON *vs.* FREDERICK LAU *et al.*

Argued Oct. 10, 1894.   Affirmed Oct. 19, 1894.

No. 8935.

**Pleading in actions to enforce mechanics' liens.**

Where an action is commenced against husband and wife, to enforce a mechanic's lien against the property of the wife alone, and both answer by filing the same in the office of the clerk of the District Court where the complaint in such action is filed, no reply need be served.

Appeal by defendants, Frederick Lau, and Augusta Lau his wife, from an order of the District Court of Hennepin County, *Robert D. Russell,* J., made January 20, 1894, denying their motion for a new trial.

*A. C. Middelstadt,* for appellant.

The provisions as to pleading in Laws 1889, ch. 200, § 10, apply only to parties having liens. They do not apply to the owner of the property. He has no lien on his own property. He should serve his answer and the plaintiff must reply to new matter therein as provided in Laws 1881, ch. 43, § 3, amending 1878 G. S. ch. 66, § 119. The answer of Frederick Lau and wife contained new matter and also a counterclaim, but no reply was ever served or filed and the answer stands admitted. For that reason the findings are erroneous.

*Smith, Pulliam & Smith,* for respondent.

Lau and wife never served their answer on plaintiff's attorney. Plaintiff was not required to reply until served. They filed their answer and both parties went to trial on the merits. Any irregular practice is waived.

BUCK, J.   The defendants Frederick Lau and Augusta Lau are husband and wife, and at her request the plaintiff dug a well upon the premises of the wife. The other defendants held mortgages upon the premises, and do not appear to have answered or appeared

in the action. A controversy arose as to the depth to which. the well was to be dug, but the court before whom the case was tried found in favor of the plaintiff for the sum of $113.75, and adjudged the same to be a lien upon the premises where the well was dug, and ordered sale thereof to satisfy the amount found due. The judgment, however, was rendered against both husband and wife.

The complaint was filed in the office of the clerk of the District Court of Hennepin county, as required by Laws 1889, ch. 200. The defendants Lau and wife filed an answer in the clerk's office, but did not serve any answer on plaintiff. No reply was filed or served, and the defendants now contend that the allegations of the answer were admitted by the plaintiff's omission to serve a reply, especially as to the defendant Frederick Lau, as he was not the owner of the premises against which the lien was filed.

Whatever force there may be in this contention, we are of the opinion that by filing his answer in the clerk's office, and omitting to serve it on plaintiff, he did not impose on plaintiff any obligation to serve a reply to the answers of either Lau or his wife. The language found in the mechanics' lien act of 1889, ch. 200, § 10, is as follows: "In all cases no pleadings or copies thereof need be served on demand or otherwise, but the several pleadings in such actions shall be filed by the parties thereto, in the office of the clerk of the District Court in and for the county where the action is brought." "All the allegations of each answer in such action shall be deemed to be controverted, as upon a direct denial or avoidance as the case may require without further pleading."

Whatever the rights of the defendant Frederick Lau would have been in the absence of a reply, if he had served his answer on plaintiff, we need not determine, for he not only failed to do so, but followed the requirement of the statute in regard to pleadings by persons against whom a lien is claimed. It would at least seem proper that he should be bound by his own practice in this case.

We find no reversible error of law in this case, and the evidence justified the findings of fact of the court below. Order denying a motion for a new trial is affirmed.

(Opinion published 60 N. W. 342.)